UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: Michael R. Evans,                          Case No. 23-10622-t13
Kelly N. Evans

Debtor(s).

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Debtors Michael Evans and Kelly Evans, by and through their counsel of record, Gilchrist Law Firm, P.C. (Grieta Gilchrist) and Creditor Matthew S. Rees, by and through his counsel of record, Moses, Dunn, Farmer & Tuthill, P.C. (Justin Sawyer), hereby submit the following Statement of Undisputed Material Facts:

1. In 2018, Debtors Michael Evans and Kelly Evans relocated to the State of New Mexico from the State of Colorado.

2. On or around June 20, 2018, Debtor Michael Evans purchased the Debtors' current residence at 745 Playful Meadows, Rio Rancho, New Mexico 87144 (the "Property"). Debtors agreed, through a sole and separate property agreement, that the Property is the sole and separate property of Debtor Michael Evans.

3. In October 2019, Creditor Matthew Rees (hereinafter "Rees") obtained a judgment against Debtors, jointly and severally, in the amount of $241,070.30 plus post-judgment interest at the rate of 8% per annum from and after August 30, 2019 in the Colorado District Court, Elbert County, in the tiled *Matthew S. Rees v. M.K. Custom Fabrication, LLC, Kelly N. Evans and Mike Evans*, No. 2018-CV-30024 (October 7, 2019).

4. Rees then sought and obtained an award of attorney's fees, expenses, and costs in the amount $50,158.66 plus post-judgment interest at the rate of 8% per annum on November 19, 2019.

1

5.  Rees then domesticated the foreign Colorado judgment against Debtor Michael Evans in the Thirteenth Judicial District Court, captioned as *Matthew S. Rees v. Mike Evans, et al.,* D-1329-CV-2020-01236.

6.  A transcript of judgment in the amount of $291,228.96 plus post-judgment interest of 8.0% was issued by the Thirteenth Judicial District Court. This transcript was recorded with the Sandoval County Clerk's office on October 20, 2020 as Document No. 2020028420.

7.  The recording of the transcript of judgment created a judgment lien against the real estate owned by Debtor Michael Evans in Sandoval County, New Mexico, specifically, the Property.

8.  On or about April 11, 2023, Debtor Michael Evans entered into a Solar Energy Home Improvement Contract ("Contract") with SunPower Corporation ("SunPower"). A true and correct copy of the Contract is attached hereto as Exhibit A.

9.  This Contract provided for the installation of a solar panel system on the roof of the Property.

10. Prior to the installation of the solar panel system, SunPower was required to complete an engineering site audit as well as a real estate due diligence. *See* Contract at p. 3.

11. The engineering site audit determines whether the installation of the system is feasible on the Property. The real estate due diligence confirms the suitability of the home for the construction, installation and operation of the solar panel system. *See* Contract at p. 3.

12. In addition, the Contract provides that the "Customer's rights and obligations under this Agreement will be automatically transferred to any party that succeeds Customer as owner" of the system. *See* Contract, pg. 10 at Section. 15.

13. The Seller or Marketer and the Installer of the solar panel system was JaGa Networks LLC. *See* Contract, Exhibit D, at pg. 22, Distributed Generation Disclosure Statement (hereinafter the "Disclosure Statement").

14. According to the Disclosure Statement, the Seller or Marketer will file a fixture filing or UCC-1 Financing Statement with the County Clerk. *Id.* at pg. 26.

15. JaGa Networks LLC did not file a fixture filing or UCC-1 Financing Statement with the County Clerk.

16. SunPower Capital Services LLC filed a UCC filing with the New Mexico Secretary of State on July 7, 2023 and identified the "residential solar photovoltaic equipment" as collateral.

17. SunPower Capital Services LLC recorded a UCC Financing Statement with the Sandoval County Clerk's Office on July 11, 2023 in Book 426, at Page 13201, as Instrument No. 2023013201, which is attached hereto as Exhibit B.

18. Exhibit D to the Contract states: "C. Total Purchase Power Agreement (PPA) Payments are $ N/A – THIS IS NOT A PPA OR LEASE." Contract at 22.

19. Under Section C, Exhibit D, the Contract states "**NOTE: YOU ARE ENTERING INTO AN AGREEMENT TO PURCHASE POWER, NOT TO PURCHASE THE SYSTEM. YOU WILL NOT OWN THE SYSTEM AFFIXED TO YOUR PROPERTY.**"[1] Contract at 22.

---

[1] The Debtor and Creditor included the language regarding the Power Purchase Agreement as it is language set forth in the Contract. The Parties, however, disagree as to how this section should be interpreted.

3

20. Neither SunPower nor SunPower Capital Services LLC is the Seller or Marketer under the Contract.

21. The Contract does not provide for the payment of any obligation owed by Michael Evans. Contract at 1.

22. The Contract, however, indicates that Debtor Michael Evans is pursuing financing from a financing entity approved by SunPower Corporation for the purchase and installation of the System as defined in the Contract. Contract at 1. "By checking this box and upon notification to Contractor that such financing has been successfully obtained prior to the completion of the engineering site audit of your Premises, Contractor shall disregard the schedule of progress payments below and shall accept payment in full in the amount of the Total Contract Price from the Customer and the financing entity on behalf of the Customer upon the Loan Commencement Date." Contract at 1.

23. On April 11, 2023, Debtor Michael Evans signed a Solar Energy System Long-Term Agreement and Promissory Note (hereinafter "Loan Agreement") a true and correct copy of which is attached hereto as Exhibit C at p. 6.

24. Debtor Michael Evans agreed to give Technology CU (SunPower's lending partner) a security interest in the solar panels and inverters, electricity storage equipment (if any) and other readily detachable equipment included in or purchased in conjunction with the System. Loan Agreement at p. 6.

25. In addition, Debtor Michael Evans granted Technology CU first priority purchase-money security interest in, and assign to Technology CU as collateral under the Note, the solar panel equipment and all agreements entered into by Michael Evans attributable to the solar panel equipment. Loan Agreement at p. 9.

4

26. In the Loan Agreement, Technology CU and Debtor Michael Evans agreed that the collateral (as defined in the Loan Agreement) is not difficult to remove from the Property and it is not intended to be a fixture or to become a permanent part of the residence. Loan Agreement at 10.

27. In the Loan Agreement, Debtor Michael Evans agreed that he would not make the tangible collateral as defined in the Loan Agreement (i.e., the solar panel equipment) a permanent part of the Property unless and until he first pays all amounts outstanding under the Note. Loan Agreement at 10.

28. Michael Evans has not paid all amounts outstanding under the Note.

29. In the Loan Agreement, Technology CU and Debtor Michael Evans agreed that Technology CU's security interest is a security interest in personal property and not a security interest in real property or in the Property. Loan Agreement at 10.

30. However, the Loan Agreement provides that Technology CU will "make a fixture filing covering the Equipment." Loan Agreement at p. 10.

31. Technology CU has not made a fixture filing covering the Equipment with either the New Mexico Secretary of State or the Sandoval County Clerk's Office.

32. The Loan Agreement further states that Debtor Michael Evans may not transfer the Loan Agreement to any person other than a purchaser of the Property and only with Technology CU's approval. Loan Agreement at p. 11.

33. In the Contract, Michael Evans does not grant a security interest to JaGa Networks LLC in the Property or the solar panel system.

34. In the Contract, Michael Evans does not grant a security interest to SunPower Capital Services LLC in the Property or the solar panel system.

5

35. The Contract does not identify or describe any collateral granted or pledged by Michael Evans.

36. There is no security agreement between JaGa Networks LLC and Michael Evans.

37. There is no security agreement between SunPower Capital Services LLC and Michael Evans.

38. An electrical permit as well as a roof mount permit were required to be obtained prior to the installation of the solar panel system.

39. JaGa Networks LLC, the installer of the solar panel system, submitted shop drawings which detailed the equipment used for the solar panel system as well as the installation of the solar panel system. *See Application for PV (Solar) and Attachments*.

40. The solar panel system included fourteen (14) solar panels, each weighing approximately 20.8 kilograms (or forty-five pounds) and fourteen (14) inverters. *See Application for PV (Solar)*, at Module Type, Dimension and Weight.

41. The solar panel system was designed to provide sufficient energy to the Property.

42. The permit application was not issued until July 28, 2023—one business day before Debtors filed their Petition herein.

43. The permit application further described how the panels were to be affixed to the roof.

44. Twenty-six (26) Unirac Flashloc attachment are attached to the roof with a lag bolt. See *Application for PV (Solar) at* Module Type, Dimension & Weight and Roof Attachement (sic).

45. Rails were then installed to the Flashloc attachment. The solar panels are then attached the rails and further supported by trusses.

46. The permits for the installation of the solar panel system remain open and a final inspection has not occurred.

47. The value of the Property was $369,400 before the installation of the solar panel system on the roof of the Property.


Respectfully submitted by:

GILCHRIST LAW FIRM, P.C.

*/s/ Grieta Gilchrist*
Grieta Gilchrist
3500 Comanche Rd. NE, Ste A2
Albuquerque, N.M. 87107
Telephone: (505) 999-1962
email: grieta@gilchristlawnm.com
*Attorneys for Debtor(s)*


MOSES, DUNN, FARMER & TUTHILL, P.C.

*/s/ Justin R. Sawyer*
Justin Sawyer
612 First Street NW (87102)
P.O. Box 27047
Albuquerque, NM 87125
Telephone: (505) 843-9440
Email: justin@moseslaw.com
*Attorneys for Matthew S. Rees*

Under NM LBR 9036-1 and Fed. R. Civ. P. 5(b)(2)(E) and 5(b)(3), I certify that I served the foregoing document on Wednesday, October 18, 2023, via the notice transmission facilities of the case management and electronic filing system of the Bankruptcy Court, on all parties entitled to receive electronic filings.

*/s/ Grieta Gilchrist*
Grieta Gilchrist