In re: Michael R. Evans,　　　　　　　　　　　　　　　　　Case No. 23-10622-t13
Kelly N. Evans

Debtor(s).

## DEBTORS' MICHAEL R. EVANS AND KELLY N. EVANS
## BRIEF ON THE ISSUE OF LIEN AVOIDANCE

Debtors Michael R. Evans and Kelly N. Evans, by and through their counsel of record, Gilchrist Law Firm, P.C. (Grieta Gilchrist), pursuant to the Court's Order Resulting from Preliminary Hearing on Plan Confirmation (Doc. 23), hereby submits their Brief on the Issue of Lien Avoidance.

In early April 2023, Debtor Michael Evans entered into a contract to purchase a solar panel system for the Debtors' residence, located at 745 Playful Meadows in Rio Rancho, New Mexico (the "Property"). On or around July 31, 2023, Debtors filed the present Chapter 13 bankruptcy due to a pending foreclosure action filed by Creditor Matthew S. Rees ("Rees"). After the Chapter 13 was commenced, Rees filed his Proof of Claim based on the judgment lien obtained in November 2019. (Claim No. 10). Rees asserts that his judgment lien is secured against the Property in the amount of $49,931.00. Debtors object to Rees' calculation as it does not include the lien against the solar panels and therefore, the secured portion of the lien improperly impairs Debtor Michael Evans' homestead exemption.

Under the plain language of 11 U.S.C. § 522(f) (hereinafter "522(f)"), a lien exists against the solar panel system as a fixture under New Mexico law and should be included in determining the extent that Rees' judgment lien impairs the homestead exemption. Rees asserts, *inter alia,* that the solar panels are not a fixture under New Mexico law and

1

therefore, it is not a proper lien to consider for the analysis under 522(f)[1]. Rees further argues that the lien was perfected against third parties. Based on New Mexico statutory and case law, the solar panel system is a fixture and interest in the solar panel system arises under real property law and therefore, the lien on the solar panel system should be included in the analysis of the impairment exemption under 522(f).

> I. *The solar panel system is a fixture as it is annexed to the Property, it is adapted for use at the Property and the objective intentions of the Parties is that the system is a fixture under real property law.*

Personal property can become so attached to real property that an interest in the personal property arises under real estate law and the personal property becomes a fixture. In determining whether personal property becomes a fixture, a court must apply three tests. *Garrison General Tire Service, Inc. v. Montgomery*, 404 P.2d 143, 145, 75 N.M. 321 (N.M. 1965). "First, annexation to the realty, either actual or constructive; second, adaptation or application to the use or purpose to which that part of the realty to which it is connected is appropriated; and third, intention to make the article a permanent accession to the freehold." *Id*. "[I]n determining whether personal property loses or retains its identity as chattel by being placed on land, the general intention of the parties is a controlling factor." *Id.*

The New Mexico Supreme Court has "recognized the test of intention to make the article a permanent addition to the realty as manifested by the physical facts, and has accepted the character of the annexation and the use for which the article is designed as subsidiary elements for the purpose of testing the intention of permanency." *Southwestern Public*

---

[1] Rees apparently further argues that the lien is not properly perfected as it lists SunPower Capital Services, LLC as the secured party in the fixture filing and not SunPower Corporation, Technology CU or JaGa Network, LLC. This is a technical argument as the purpose of the financing statement is to put "interest third parties on notice that a security interest is claimed in particular property owned by the debtor." *In re Flores De New Mexico, Inc.*, 151 B.R. 571, 582 (Bankr. N.M. 1993). To the extent that the Court requires additional briefing on this issue, Debtors respectfully request the Court to allow time for the additional briefing.

*Service Co. v. Chaves County*, 512 P.2d 73, 76, 85 N.M. 313, 316 (relying on *Southern Ca. Telephone Co. v. State Bd of Equalization*, 82 P.2d 422 (1938). *See also Kerman v. Swafford*, 680 P.2d 622, 625, 101 N.M. 241 (N.M. App. 1984) ("[w]here a court finds sufficient objectively manifested intent, however, a fixture may be presumed or inferred from the circumstances.").

In this matter, the solar panels were attached to the rails and supported by trusses. [Undisputed Material Fact ("UMF") No. 45] (Doc. 25).[2] These rails are attached to Flashloc attachment, of which there are twenty-six on the roof of the Property. [UMF No. 44]. The Flashloc attachments are attached to the roof with a lag bolt that is drilled into the roof. [UMF No. 44]. There are fourteen solar panels in all and each panel weighs approximately forty-five (45) pounds. [UMF No. 40]. These solar panels are ultimately wired into the Property to provide electricity to the Property and was designed to provide sufficient energy to the Property. [UMF No. 41].

In this matter, the solar panel system has been annexed to the Property as it contains fourteen (14) panels attached to the roof with bolts drilled through the roof. It is further annexed to the Property as it is wired into the existing electrical system to provide electricity to the Property. In addition, the application of the solar panel system to provide electricity to the Property is well suited for residential use. This solar panel system was designed to provide electricity for the Property. The annexation and the adaptation of the solar panel system are evidence of the intent to permanently attach the solar panel system to the Property.

A California bankruptcy court found that a solar water heater was a fixture under California law, using a three part test similar to New Mexico's three part test regarding fixtures. *In re Artlett*, 22 B.R. 732, 735 (Bankr. E.D. Ca. 1982). The bankruptcy court held

---

[2] All future references to the Undisputed Material Fact are to Doc. 25.

that "both parties intended that the solar water heater became attached to the roof in such a manner that it would perform its function throughout its useful life." *Id*. "[T]he solar water heater was bolted to the roof of the residence, connected to and made a part of the of the plumbing system, and holes were drilled in the structure of the residence." *Id*. Likewise, the solar panels were bolted to the roof, with holes drilled into the structure of the Property and connected to the existing electrical system. In addition, this system was designed to provide electricity to the Property for years, not months. These physical facts indicate the intent to permanently affix the system to the Property.

The Loan Agreement provides that the panels "are not difficult to remove from the Property[3] and . . .it is not intended to be a fixture or to become a permanent part of the residence." [UMF No. 26]. However, the "nature of the property, the manner of its construction, and its intended use" all go to show the parties intended the solar panel system improvements are intended to be permanently affixed to the real property. *See Kerman,* 680 P.2d 622, 625. Indeed, other statements in Loan Agreement contradict subjective intent of Technology CU, rendering the Loan Agreement ambiguous. For example, the Loan Agreement provides that the lender will file a fixture filing. [UMF No. 30]. Moreover, the Loan Agreement further prohibits Debtor from transferring the Loan Agreement to anyone other than a subsequent purchaser of the Property. [UMF No. 32]. The Loan Agreement even goes as far as to state that the system will not become permanently attached to the Property until all of the payments are Note are made in full. [UMF No. 27]. The implication is that the solar panel system is a permanent part of the Property and the lender is attempting to protect its right to repossess the Property in the event of a default by Debtors.

---

[3] "Absolute permanence is not required" when determining whether personal property has been converted to a fixture. *Southwestern Public Services Co.*, 512 P.2d 73, 77. *See also In re Flores De New Mexico*, 151 B.R. 571, 582 (finding rose bushes planted into the ground and used by the debtor to produce cut flowers were fixtures).

4

Regardless of the subjective intent regarding the solar panel system, the annexation of the system, the adaptation of the system, and the objective intent of the parties indicate that the solar panel system is a fixture and an interest in the system arises under real estate law.

II. *Because the solar panel system is a fixture, the lien on the fixture should be included in the exemption impairment analysis under 11 U.S.C. § 522(f).*

New Mexico's version of the Uniform Commercial Code (U.C.C.), states that "a security interest . . . may be created in goods that are fixtures or may continue in goods that become fixtures." N.M.S.A. § 55-9-334 (1978). This security interest may be perfected by filing a financing statement or a fixture filing. The fixture filing must include the name of the debtor, name of the secured party (or its representative)[4] and further it must indicate the collateral covered by the financing statement. N.M.S.A. § 55-9-502(b), incorporating § 55-9-502(a). In addition, it must specify that it covers the type of collateral, that it is to be filed in the county with the real property records, and provide a description of the real property to which the collateral is attached sufficient to provide notice. N.M.S.A. § 55-9-502(b). The filing is intended to provide notice to third parties that a security interest is claimed in particular property owned by the debtor. *See e.g. In re Flores De New Mexico, Inc.* 151 B.R. 571, 582.

N.M.S.A. § 55-9-334 also governs the priority of security interests in fixtures, specifically providing that a security interest in a fixture can take priority over a later recorded interest in the real property. N.M.S.A. § 55-9-334(e)(1). As discussed in more detail below, state law priority is not a relevant factor in exemption impairment analysis. What Section 55-9-304 makes clear is that a lien against a fixture is a lien against real property,

---

[4] Rees has asked this Court to determine whether the UCC filing statement is valid because SunPower Capital Services, LLC is listed as the secured party as opposed to JaGa Networks, LLC or Technology CU. To the extent that the Court requires further information regarding the connection between SunPower Corporation, SunPower Capital Services, JaGa Networks, LLC, and/or Technology CU, Debtors respectfully request additional time to determine the relationships.

5

and therefore, a proper lien to be included when determining whether or to what extent a judicial lien should be avoided.

A debtor may avoid the fixing of a judicial lien on the debtor's property to the extent that such judicial lien impairs an exemption to which the debtor is entitled to claim. 11 U.S.C. § 522(f)(1)(A). To determine whether a judicial lien impairs an exemption that the debtor could claim, the parties and the Court must take "the sum of [judicial] lien, all other liens on the property; and the amount of the exemption that the debtor could claim if there were no liens on the property" and compare it to the value of debtor's interest in the property in the absence of any liens. 11 U.S.C. § 522(f)(2)(A).

"The plain language of 522(f) provides for the inclusion of all liens. . . There is nothing in § 522(f)(2) that authorizes the court to pick and choose which liens to include in the impairment analysis. *In re Brinley*, 403 F3d 415, 421 (6th Cir. 2005) (relying on *In re Northern,* 294 B.R. 821, 830-31 (Bankr. E.D. Tenn 2003)). "To the contrary, § 522(f)(2) expressly instructs the court to include any and all liens in making any impairment analysis." *In re Brinley*, 403 F.3d 415, 421. In other words, when completing the impairment analysis, the bankruptcy courts are to disregard the state law priority of the recorded liens. *See also In re Kolich*, 328 F.3d 408 (8th Cir. 2003) (holding that consensual liens junior to the judicial lien should be included in the mathematical equation in determining impairment."); *In re Taras*, 131 Fed.Appx. 167, 170 (11th Cir. 2005) (junior tax lien properly included in calculating the impairment under 522(f)).

It appears that bankruptcy courts have generally followed *Kolich* and *Brinley*. *See e.g. In re Newell*, 311 B.R. 268, 270 (Bankr. Colo. 2004) (stating that "[u]nder 522(f)(2)(A) the question of "impairment" is to be determined by a purely mathematical, "bright line" formula

6

which no longer looks to or depends on state law"); *In re Trahan*, 337 B.R. 448, 450 (Bankr. Conn. 2006) (stating "our task is simply to apply § 522(f)(2)(A) as Congress wrote it.").

In this matter, a lien with respect to the solar panel system, a fixture under New Mexico law, existed prior to the filing of the Chapter 13 bankruptcy. Under the plain language of 522(f), this Court is required to literally apply the statute to the liens at issue in this case and include the solar panel lien in exemption impairment analysis under Section 522(f).

## Conclusion

Debtors Michael Evans and Kelly Evans respectfully request that this Court find the solar panel system is a fixture; that lien exists against the solar panel system; the lien should be included in the exemption impairment analysis under 11 U.S.C. § 522(f); and for any and all other relief that this Court deems just and proper.

Respectfully submitted by:

GILCHRIST LAW FIRM, P.C.

*/s/ Grieta Gilchrist*
Grieta Gilchrist
3500 Comanche Rd. NE, Ste A2
Albuquerque, N.M. 87107
Telephone: (505) 999-1962
email: grieta@gilchristlawnm.com
*Attorneys for Debtor(s)*

> Under NM LBR 9036-1 and Fed. R. Civ. P. 5(b)(2)(E) and 5(b)(3), I certify that I served the foregoing document on Tuesday, October 24, 2023, via the notice transmission facilities of the case management and electronic filing system of the Bankruptcy Court, on all parties entitled to receive electronic filings.
>
> */s/ Grieta Gilchrist*
> Grieta Gilchrist